NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4735
_____

UNITED STATES OF AMERICA

v.

BRIAN MCNEAL,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-13-cr-00016-001
District Judge: The Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2014

Before: SMITH, SHWARTZ, and ROTH, *Circuit Judges*

(Filed: October 15, 2014)

_____

OPINION
_____

SMITH, *Circuit Judge.*

On April 4, 2013, a jury found Brian McNeal guilty of the illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On December 13, 2013, the District Court sentenced McNeal to 210 months' imprisonment and three years of supervised release. McNeal appeals, contending that his conviction should be set aside for four reasons: (1) the District Court erred by denying in part his request to redact certain aspects of his statements to law enforcement officials; (2) the District Court erred by failing to dismiss a juror who saw an unredacted version of McNeal's statements; (3) prosecutorial misconduct deprived him of a fair trial; and (4) his counsel was ineffective.[1] For the reasons that follow, we will affirm the judgment of the District Court.[2]

I.

Police officers executed a traffic stop of McNeal's vehicle at approximately 2:50 a.m. on April 2, 2011. During the stop, the officers saw within McNeal's reach in the rear passenger area of the car a plainly visible handgun on top of a shoebox. When McNeal admitted he did not have a permit to carry the gun, the officers arrested him and placed him in the patrol car. While he was in the patrol

---

[1] McNeal's assertion of prosecutorial misconduct includes the argument that defense counsel's failure to object during the closing argument deprived him of the effective assistance of counsel as guaranteed by the Sixth Amendment. Because our preference is to address ineffective assistance claims on collateral review, we will not address the merits of the ineffectiveness claim here. *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003) (citing *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)).

[2] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

car, McNeal called his paramour, Muriel James, and directed that she come to the scene and tell the police that she owned the gun. James complied, but the police did not believe that the gun was hers.

At the police station, McNeal waived his *Miranda*[3] rights. During his interview with Detective Leonard Azzarano, McNeal acknowledged that he owned the car, but claimed that he did not know the gun was in it. McNeal told Detective Azzarano that it was James's gun and that she purchased it for protection while McNeal was in prison. McNeal explained that "[w]e're not allowed to have it in the house because of my parole." Supp. App. 336. He further admitted that he had convictions that prohibited him from possessing a gun.

McNeal did not challenge the admissibility of his statements to Detective Azzarano, but requested that the Court redact that portion of his statement indicating that he had more than one felony conviction, that James purchased the firearm when he was in prison, and that he was on parole. McNeal argued these facts were unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. The District Court agreed that the reference to McNeal's imprisonment should be redacted from his written statement, but denied the motion to redact the other information.

The case proceeded to trial. During deliberations, the jury asked to see McNeal's statement. The unredacted statement referencing his time in prison was

---

[3] *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

inadvertently shown to the jury on the computer screen for a moment. Juror #3 notified the Court that he had seen McNeal's "when I was in jail" comment. The District Judge questioned Juror #3, who expressed his belief that, even though he could not "unremember it," he could still deliberate fairly and impartially. Nonetheless, McNeal moved to dismiss Juror #3. The Court denied that request. Thereafter, the jury returned a verdict of guilty.

## II.

We reject McNeal's argument that the District Court erred by admitting into evidence the fact that he had more than one conviction and was on parole. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010). Under Federal Rule of Evidence 403, a District Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . [*inter alia*,] unfair prejudice." We conclude that the District Court did not abuse its discretion as the probative value of these facts was not substantially outweighed by the risk of unfair prejudice.

McNeal also asserts that the District Court erred by refusing to dismiss Juror #3, who momentarily saw the unredacted statement that McNeal had served time in prison. In *United States v. Vega*, 285 F.3d 256, 265 (3d Cir. 2002), we instructed that a challenge of this nature is subject to review for abuse of discretion. A review of the transcript shows that the District Court carefully conducted two voir dires with this juror, and spoke with the jury foreperson and another juror. After

4

hearing the position of the parties, the Court found that Juror #3's knowledge of the unredacted statement would not affect his ability to perform his duties as a juror. We conclude that the District Court did not abuse its discretion.

Finally, McNeal argues that his conviction should be set aside because prosecutorial misconduct deprived him of a fair trial. According to McNeal, the prosecutor improperly vouched for the government's witnesses during both her closing and rebuttal arguments. Because defense counsel did not object to the statements in the prosecutor's closing, we review for plain error. *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003) (citation omitted). But, because defense counsel objected to the alleged impermissible vouching in the prosecutor's rebuttal, we review those comments for harmless error. Fed. R. Crim. P. 52(a); *United States v. Helbling*, 209 F.3d 226, 241 (3d Cir. 2000).

To establish impermissible vouching, McNeal must show that the prosecutor assured the jury of a government witness's credibility and that this assurance must have been based on the prosecutor's personal knowledge or other information outside of the record. *See United States v. Vitillo*, 490 F.3d 314, 327 (3d Cir. 2007)*; see also Brennan*, 326 F.3d at 183. We conclude that the prosecutor's remarks during closing argument were proper comments on the evidence adduced at trial and conclude that the statements in rebuttal were proper responses to the defendant's closing argument. *See United States v. Weatherly*, 525 F.3d 265, 272 (3d Cir. 2008).

For the reasons set forth above, we will affirm the judgment of the District Court.